```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION
```

ROBERT E. POWER, JR.

VS.　　　　　　　　　　　　CRIMINAL ACTION NO. 3:09CR25TSL-JSC
　　　　　　　　　　　　　　　 CIVIL ACTION NO. 3:10CV320TSL

UNITED STATES OF AMERICA

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motions of defendant Robert E. Power to vacate pursuant to § 2255 and for an evidentiary hearing. The government opposes the motions, and the court, having considered the memoranda and the record in this case, concludes, for the reasons that follow, that the § 2255 motion should be denied as to defendant's claims that his counsel failed to investigate his presentence report and that an evidentiary hearing is required to resolve defendant's claim that his court-appointed counsel failed to file a notice of appeal on his behalf.

On March 17, 2009, Power and his wife, Deaundra Power, were indicted on a four-count indictment. Count 1 charged the pair with conspiracy to commit wire and mail fraud in violation of 18 U.S.C. § 1349. The second count charged Power with bankruptcy fraud in violation of 18 U.S.C. § 157. Counts 3 and 4 charged Power with falsification of bankruptcy records in violation of 18 U.S.C. § 1519. After having entered a plea of

not guilty before the magistrate judge, on August 21, 2009, Power, represented by an attorney with the federal public defender's office, pled guilty to counts one and two of the indictment pursuant to a written plea agreement. Significantly, the plea agreement provided that Power waived the right to challenge his conviction and sentence <u>via</u> a § 2255 motion.  On December 17, 2009, the court sentenced Power, who was now represented by T. Murray Whalen, a CJA panel attorney, to a 53-month term of imprisonment as to count 1 and a 52-month term as to count 2 to run consecutively to the term imposed as to count 1.

On June 7, 2010, Power filed this § 2255 motion charging that Whalen rendered ineffective assistance of counsel by failing to investigate the presentence report.  According to Power, had Whalen investigated, she would have made more salient objections, which would have been sustained and a lesser sentence would have been imposed.  Power also charges that, despite the fact that he instructed her to do so, Whalen failed to file a notice of appeal on his behalf.  In response, the government takes the position that Power's § 2255 motion is barred by the express terms of his plea agreement and can be resolved by the court without an evidentiary hearing.

The court first addresses the validity of Power's putative waiver of the right to pursue relief pursuant to § 2255.  A

waiver of a defendant's right to appeal or to seek relief pursuant to § 2255 will be upheld so long as the waiver is informed and voluntary.  United States v. White, 307 F. 3d 366, 343-44 (5th Cir. 2002); see also United States v. Wilkes, 20 F. 3d 651, 654, (5th Cir. 1994) (waiver of right to seek § 2255 relief indistinguishable from right to appeal and may be waived under terms of plea agreement, save certain claims of ineffective assistance of counsel); United States v. Hollins, 97 Fed. Appx. 477, 479 (5th Cir. 2004) (§ 2255 waivers are valid, except for when there is an ineffective assistance of counsel claim that affects the validity of that waiver or the plea itself or when the sentence exceeds the statutory maximum); United States v. Tapp, 491 F.3d 263, 265 (5th Cir. 2007) (holding that rule that attorney's "failure to file a requested NOA is per se ineffective assistance of counsel, with or without a showing that the appeal would have merit," applies "even where a defendant has waived his right to direct appeal and collateral review.")(emphasis added).

   At his change of plea hearing, having been sworn by the court, Power affirmed that he had not been coerced or otherwise induced to enter into his plea agreement.  He further represented that his counsel had explained the plea agreement to him and that he understood its terms. Power, by signing the MOU, agreed to waive his right to appeal the conviction or

3

sentence or to contest the conviction or sentence pursuant to § 2255.  Clearly, Power's waiver was informed and voluntary and thus, the MOU bars him from asserting the ineffective assistance of counsel claims predicated on Whalen's alleged failure to investigate.  This being said, under Tapp, Power's waiver of his right to appeal and his right to file a § 2255 notwithstanding, his claim that Whalen failed to file a notice of appeal upon his request must be resolved at an evidentiary hearing.  See United States v. Tapp, 491 F.3d at 265 (remanding § 2255 motion for evidentiary hearing where record did not conclusively show whether defendant had requested that his counsel file notice of appeal).

Based on the foregoing, it is ordered that defendant's § 2255 motion is denied as to the claims arising from Whalen's alleged failure to investigate.  It is further ordered that an evidentiary is set for December 13, 2010 at 10:30 a.m., on defendant's claim that Whalen failed to file a notice of appeal as he requested.  Furthermore, pursuant to Rule 8(c) of the Rules Governing § 2255 Proceedings, the magistrate judge shall appoint counsel to represent Power for purposes of the evidentiary hearing.

SO ORDERED this the 1st day of December, 2010.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE

4